**J & R SPORTSWEAR & CO.**

**v.**

**BOBBIE BROOKS, INC., Appellant.**

**No. 79–1316.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Nov. 14, 1979.

Decided Nov. 27, 1979.

Carl T. Bogus, Steinberg, Greenstein, Gorelick & Price, Philadelphia, Pa., for appellant.

Before GIBBONS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from the denial of a motion for stay of an action for money damages for breach of contract pending arbitration of the dispute.[1] We have jurisdiction under 28 U.S.C. § 1292(a)(1). *Beck-*

---

1. It is before us on appellant's brief only, the appellee having failed to file a brief within the time permitted by an order of this court.

*er Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH*, 585 F.2d 39, 42 n.7 (3d Cir. 1978); *Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 781–82 (3d Cir. 1975); *McCreary Tire & Rubber Co. v. CEAT, S.p.A.*, 501 F.2d 1032, 1034–35 (3d Cir. 1974). The plaintiff's complaint alleges an oral contract for the performance of services. The defendant's answer admits there was a contract, alleges nonperformance, and denies that the contract was oral. Rather, defendant contends that the only contract between the parties was in writing and contains an arbitration clause.

 When defendant moved before the district court for a stay of the action pending arbitration the motion was denied on the ground that the plaintiff was entitled to a jury trial on whether the written contract with the arbitration clause bound the parties. This was error. The Federal Arbitration Act, 9 U.S.C. § 3 (1976), provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the *court* in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall *on application of one of the parties stay the trial of the action* until such arbitration has been had in accordance with the terms of the agreement . . .

*Id.* (emphasis added). The plain language of section 3 refers to the court the decision on an application for a stay. That direction does no violence to the seventh amendment's guarantees of trial by jury, for when as here the suit is for money damages the application for a stay is the equivalent of an action in equity for a stay of the action at law, or an action in equity for specific performance of an agreement to arbitrate. *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 190–91, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 380–82, 55 S.Ct. 310, 79 L.Ed. 440 (1935). Thus the defendant was entitled to have the court decide, on its motion

for a stay pending arbitration, whether the written contract containing an arbitration clause was still in effect or had been superceded, as plaintiff claims, by an oral agreement to perform the same work.

The order appealed from will be reversed and the case remanded to the district court for reconsideration of defendant's motion for a stay pending arbitration.