John F. CRESON, et ux., Plaintiffs,

v.

QUICKPRINT OF AMERICA, INC., Defendant.

Civ. A. No. 82-3387-CV-S-2.

United States District Court, W.D. Missouri, S.D.

Jan. 27, 1983.

John D. Compton, Neale, Newman, Bradshaw & Freeman, Springfield, Mo., for plaintiffs.

C. Ronald Baird, Springfield, Mo., and John Dienelt, Washington, D.C., for defendant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING ARBITRATION

COLLINSON, Senior District Judge.

Defendant on November 19, 1982, filed a motion to compel arbitration and to stay this action pending arbitration. The issue before this Court is whether the Federal Arbitration Act, 9 U.S.C. §§ 1–14, requires the Court to stay proceedings pending the arbitration of the plaintiffs' claim. The Court rules that the Act does for the reasons set out below.

### I. Facts

Plaintiffs John and Susan Creson are franchisees of two BIG RED Q franchises, which are photo-offset instant printing centers under license from the franchisor, Quickprint, Inc. Quickprint, Inc. is a wholly owned subsidiary of Quickprint of America, Inc.

The first franchise agreement is dated December 20, 1978, and covers the plaintiffs' store located at 1839 East Sunshine in Springfield, Missouri. Counts I and II seek compensatory and punitive damages for alleged fraudulent representations regarding this franchise.

The second franchise agreement is dated March 17, 1982, and covers the plaintiffs' other store, located at 3045 South Delaware in Springfield, Missouri. Counts III and IV seek compensation and punitive damages for alleged fraudulent representations regarding this franchise.

Count V, plaintiffs' final Count, seeks to rescind both franchise agreements.

Both franchise agreements contain arbitration clauses. The pertinent parts of the two clauses are identical:

Any controversy, dispute or question arising out of, in connection with, or in relation to this Agreement or its interpretation; performance or non-performance of any breach thereof shall be determined by arbitration before an arbitrator selected by and in accordance with the rules of the American Arbitration Association. Unless otherwise mutually agreed by Licensee and Licensor, all arbitration hearings will be conducted in Toledo, Ohio. The arbitrator selected by the American Arbitration Association shall have the power and jurisdiction to decide such claim or grievance solely in accordance with the express provisions of this Agreement and shall not have the power or jurisdiction to alter, amend, delete or add

to such express provisions by implication or otherwise. Franchise Agreement of December 20, 1978, § 6.6; Franchise Agreement of March 17, 1981, § 6.4. The December 20, 1978, agreement had a rider revising the arbitration clause by providing for any arbitration hearings to be in St. Louis, Missouri. The addendum to the March 17, 1981 agreement had no such clause, see Exhibit B of Plaintiffs' Suggestions in Opposition, although apparently a dispute arose over the location of any arbitration hearings in the second franchise agreement. See Exhibit C of Plaintiffs' Suggestions in Opposition.

## II. Federal Arbitration Act

■■■ The purpose of the Federal Arbitration Act, 9 U.S.C. §§ 1–14, is to allow parties to use arbitration instead of more costly and lengthy court litigation when the parties have so agreed. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510–11, 94 S.Ct. 2449, 2452, 41 L.Ed.2d 270 (1974). Congress intended to make arbitration agreements as enforceable as other contracts, but not more so. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801, 1806 n. 12, 18 L.Ed.2d 1270 (1967). Section 3 of the Act empowers the Court to stay proceedings when a valid arbitration agreement exists. 9 U.S.C. § 3. Section 4 permits the Court to compel arbitration when warranted. 9 U.S.C. § 4. The Eighth Circuit has stated that the Court's function in an action to compel arbitration should not extend beyond ascertaining whether the party seeking arbitration has made a claim which on its face is governed by the contract. *National Railroad Passenger Corp. v. Missouri Pacific Railroad Co.*, 501 F.2d 423, 427 (8th Cir.1974).

## III. The "Commerce" Issue

■■■ The stay provision of § 3 of the Federal Arbitration Act can be applied only to contracts covered by §§ 1 and 2 of the Act. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 202, 76 S.Ct. 273, 275, 100 L.Ed. 199 (1956). Thus the Federal Arbitration Act is applicable only if the arbitration clause is "[a] written provision in any mari-

time transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction. . . . " 9 U.S.C. § 2. Clearly maritime transactions are not involved in this situation. A review of case law leads the Court to conclude that the present case involves "commerce" within the meaning of § 2.

The complaint states that the defendant Quickprint of America, Inc., is a Delaware corporation. Quickprint, Inc., is an Ohio corporation. The plaintiffs are Missouri citizens. Paragraph 7, Count I, of plaintiffs' first amended complaint alleges a number of representations allegedly made to plaintiffs. Paragraph 8 alleges these representations were false and fraudulent.

The gravamen of the present dispute involves these representations. The representations anticipate the exchange of information and records between the licensee in Missouri and the licensor in another state. This exchange involves "commerce" within the meaning of § 2, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 407, 87 S.Ct. 1801, 1807, 18 L.Ed.2d 1270 (1967); *Coleman v. National Movie-Dine*, 449 F.Supp. 945, 947–48 (E.D.Pa.1978), particularly since the term "commerce" in the Act is to be construed broadly. *Weight Watchers of Quebec, Ltd. v. Weight Watchers International, Inc.*, 398 F.Supp. 1057, 1058 (E.D.N.Y.1975). The plaintiffs, in arguing that the present situation is not commerce, incorrectly focus only on the daily operation of their business. Instead, the issue is the dealings of the plaintiffs with the foreign entities Quickprint, Inc. and Quickprint of America, Inc.

The present situation is "commerce" within the meaning of the Federal Arbitration Act.

## IV. Breadth of the Arbitration Clause

■■■ Plaintiffs claim that the arbitration clause is not sufficiently broad to cover claims of fraud in the inducement. They rely on the portion of the arbitration clause that states: "The arbitrator selected . . . shall have the power and jurisdiction to

decide such claim or grievance solely in accordance with the express provisions of this Agreement and shall not have the power or jurisdiction to alter, amend, delete or add to such express provisions by implication or otherwise." Franchise Agreement of December 20, 1978, § 6.6. Franchise Agreement of March 17, 1981, § 6.4.

The Court thinks that cases cited in the plaintiffs' own brief refute the plaintiffs' argument. The Courts in both *In Re Kinoshita & Co.,* 287 F.2d 951 (2d Cir.1961), and *Michele Amoruso E Figli v. Fisheries Development Corp.,* 499 F.Supp. 1074 (S.D.N.Y. 1980), while finding arbitration clauses inapplicable, noted that an arbitration clause containing the phrase "relating to" [the main agreement], or words to like effect, would be a perfectly valid broad arbitration clause. *Kinoshita,* 287 F.2d at 953; *Michele,* 499 F.Supp. at 1080. The present arbitration clause states that it will apply, *inter alia,* to "[a]ny controversy, dispute or question ... *in relation to* this Agreement." (Emphasis added). It clearly is a broad arbitration clause. Arbitration should not be denied if there is any reasonable construction that will effectuate the arbitration clause. *Wick v. Atlantic Marine, Inc.,* 605 F.2d 166, 168 (5th Cir.1979); *Georgia Power Co. v. Cimarron Coal Corp.,* 526 F.2d 101, 106 (6th Cir.1975); *National Railroad Passenger Corp. v. Missouri Pacific Railroad Co.,* 501 F.2d 423, 427 (8th Cir. 1974). On its face, the language of the arbitration provision on which the plaintiffs rely does no more than preclude the arbitrator from imposing on the parties, by implication, different terms of agreement than those to which they expressly agreed in writing. The language does not prevent the arbitrator from granting rescission or damage for breach, when appropriate. Given this construction, the arbitration agreement is broad enough to cover the instant action.

1. The defendant has cited a number of labor law cases in support of its position. The Court disregards those cases, as the Eighth Circuit has held that commercial arbitration should be

### V. Fraud

Plaintiffs have alleged fraud in the inducement of both the December 20, 1978 and the March 17, 1981, commercial[1] franchise agreements. Their complaint clearly pertains to fraud involving the entire franchise agreement in each instance.

The Supreme Court has determined that the Federal Arbitration Act requires a claim of fraud in the inducement of the entire contract to be submitted to arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967). Only when there is a claim of fraud in the arbitration clause itself is a court to intervene. *Id.* The Supreme Court held this position was consistent with *Moseley Plumbing & Heating Co. v. Electronic & Missile Facilities, Inc.,* 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963), a case cited by plaintiffs, by finding that *Moseley* involved a claim of fraud in the arbitration clause itself. *Prima Paint Corp.,* 388 U.S. at 404 n. 12, 87 S.Ct. at 1806 n. 12. The Court also expressly rejected the position taken by the First Circuit in *Lummus Co. v. Commonwealth Oil Refining Co.,* 280 F.2d 915 (1st Cir.1960), another case cited by plaintiffs. *Prima Paint Corp.,* 388 U.S. at 401–04, 87 S.Ct. at 1804–06.

There is no mention of fraud in the arbitration clause in the plaintiffs' complaint. Therefore, the Court finds that the mandate of *Prima Paint Corp.* requires arbitration of the fraud claims.

### VI. Duress

Plaintiffs in their briefs have alleged economic duress as a defense to arbitration for the March 17, 1981, franchise agreement. Plaintiffs acknowledge that the economic duress claim goes to "each and every provision of that second Agreement." Plaintiffs' Further Suggestions in Opposition, filed December 29, 1982. The Court holds that duress is of the same remedial character as a fraud theory, and therefore

distinguished from labor arbitration. *National Railroad Passenger Corp. v. Missouri Pacific Railroad Co.,* 501 F.2d 423, 427 (8th Cir.1974).

applies the same rule established in *Prima Paint Corp., supra.* Since the claim of duress goes to the whole second agreement, the Federal Arbitration Act still compels arbitration.

The only case the Court has found involving economic duress and arbitration is *Hellenic Lines, Ltd. v. Louis Dreyfus Corp.,* 372 F.2d 753 (2d Cir.1967). That case involved a dispute over a specific arbitration clause that was not adopted at the same time as the other commercial agreements between the parties. The Court does not think this case in any way refutes the general principles of *Prima Paint Corp.*

### VII. Rescission

■ *Prima Paint Corp.* was an action in which the plaintiff sued for rescission. 388 U.S. at 398, 87 S.Ct. at 1803. Yet the Supreme Court held that action properly was stayed. *Id.* at 407, 87 S.Ct. at 1807. This Court concludes that it is bound by that decision and must stay further action pending arbitration. *See also, Barron v. Tastee Freez International, Inc.,* 482 F.Supp. 1213 (E.D.Wis.1980). To the extent that *Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise,* 239 F.2d 689, 693–94 (4th Cir.1956) implies otherwise, it was overruled by *Prima Paint Corp.*

### VIII. Conclusion

To summarize, the Court makes the following rulings:

(1) The present situation involves "commerce" within the meaning of the Federal Arbitration Act.

(2) The arbitration clause is broad enough to include the remedies requested by the plaintiffs.

(3) Fraud is not a defense to arbitration in this case.

(4) Duress is not a defense to arbitration in this case.

(5) Rescission is not a defense to arbitration in this case.

Accordingly, it is

ORDERED that defendant's motion to compel arbitration pursuant to 9 U.S.C. § 4 is granted. It is further

ORDERED that defendant's motion to stay this proceeding pursuant to 9 U.S.C. § 3 is granted. It is further

ORDERED that the parties inform the Court of the result of arbitration as soon as that result has been reached.