**Paul D. SMITH, Plaintiff,**

**v.**

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Defendant.**

**Civ. A. No. 3–83–1797–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 26, 1983.

Orrin Harrison, III, Locke Purnell Boren Laney & Neely, Dallas, Tex., for plaintiff.

Gregory S.C. Huffman, Thompson & Knight, Dallas, Tex., for defendant.

## ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiff's Motion to Compel Arbitration, and accompanying Affidavit, filed October 21, 1983, and Memorandum of Law in Support, filed October 24, 1983; and Defendant's Application for a Temporary Injunction, Affidavit and Brief in Support, filed October 24, 1983.

On October 24, 1983, in the presence of both parties, this Court granted a portion of the relief requested in Defendant's Application pending further examination of the issues.[1] The injunction entered in Defendant's behalf is in effect until 11:00 A.M., October 26, 1983. For the reasons set forth below, the Court is of the opinion that this action should be, and it is hereby, STAYED pending arbitration of the dispute by the New York Stock Exchange, *see* 9 U.S.C. § 3 (1964), and that the injunction previously entered in Defendant's behalf should be, and it is hereby, DISSOLVED as of 11:00 A.M., October 26, 1983.

Section 3 of the Federal Arbitration Act requires this Court to stay a suit upon application of one of the parties if the issues involved are referable to arbitration under an agreement in writing.[2] The Court is of the opinion that the Form U–4 executed by Plaintiff as required by the

---

1. The Court's Order restrained Plaintiff from contacting any of the clients of Merrill Lynch whose names became known to Plaintiff while he was in Defendant's employ. In addition, the Court's Order enjoined Defendant from commencing any action in any other court relating to or arising out of the transaction that gave rise to this cause of action.

2. The Act applies to contracts "evidencing a transaction involving commerce to settle by ar-

NYSE constitutes an agreement to submit to arbitration within the meaning of the Act. *See Stokes v. Merrill Lynch, Pierce, Fenner and Smith*, 523 F.2d 433 (6th Cir. 1975).

 The arbitration clause contained in the Form U–4 provided that "any controversy between me and any member organization ... arising out of my employment or the termination of my employment shall be settled by arbitration ...." Defendant argues that, because the events surrounding the dispute took place after Plaintiff's termination, the clause does not control. *See Coudert v. Paine, Webber, Jackson & Curtis*, 705 F.2d 78 (2d Cir.1983). The Court does not agree. Plaintiff's dispute with Defendant is integrally related to the terms and conditions of his employment contract, and thus is clearly distinguishable from the dispute in *Coudert.* Furthermore, any doubts concerning the subject matter of arbitration agreements are to be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, — U.S. —, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

By entry of this Order, the Court decides only that any proceedings in this Court will be stayed pending the outcome of NYSE arbitration proceedings. The Court has no reason to expect that both parties will not immediately proceed to arbitration and attempt to resolve their dispute. Unless and until one of the parties refuses to submit to arbitration, this Court will not enter an order compelling arbitration. 9 U.S.C. § 4 (1964).

 The court by this Order expresses no opinion on the other issues raised by the parties' motions. In considering an application for a stay pursuant to Section 3 of the Act, a federal court can consider only issues relating to the making and performance of the agreement to arbitrate. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 404, 87 S.Ct.

bitration a controversy thereafter arising out of such contract or transaction". 9 U.S.C. § 2 (1964). Contracts between member firms of the NYSE and their employees fall within the ambit

1801, 1806, 18 L.Ed.2d 1270 (1967). For this reason, the Court finds that issuance of the preliminary injunction requested by Defendant would not be appropriate, and hereby DENIES Defendant's Motion.

SO ORDERED.

of the Act. *See, e.g., Legg Mason & Co., Inc. v. Mackall & Coe, Inc.*, 351 F.Supp. 1367, 1369–72 (D.D.C.1972).