MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Plaintiff,

v.

Warren R. THOMPSON, Lauren R. Housel, and Philip Xanthopoulos, Defendants.

No. PCA 83–4283.

United States District Court, N.D. Florida, Pensacola Division.

Nov. 18, 1983.

Phillip S. McKinney, Rogers & Harden, Atlanta, Ga., H. Edward Moore, Sherrill, Moore & Hill, Pensacola, Fla., for plaintiff.

Curtis Carlson, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for defendants.

ORDER AND MEMORANDUM

VINSON, District Judge.

On November 8, 1983, plaintiff, Merrill Lynch, Pierce, Fenner & Smith Incorporated, (Merrill Lynch) filed a verified complaint seeking a temporary restraining order and other relief against the defendants, three former employees of Merrill Lynch, for alleged violations of employment contracts. Following a hearing held on No-

vember 9, 1983, at which all parties were represented by counsel, this court entered a temporary restraining order prohibiting further violations by defendants of provisions of the employment contracts until November 18, 1983, and setting the matter for further hearing on that date.

Defendants then moved this court to compel arbitration and to stay these proceedings pending arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. Defendants contend that the issues before this court are subject to arbitration under provisions of their respective employment contracts, the U-4 form, and Rule 347 of the New York Stock Exchange. The U-4 form is part of the application to become a registered representative of a member of the New York Stock Exchange (NYSE). The NYSE requires that both the applicant, here each of the named defendants, and the sponsoring NYSE member, in this case Merrill Lynch, sign the U-4 form. The U-4 form contains an arbitration clause that requires representatives and member firms to resort to arbitration as prescribed in the constitution and rules of the exchange.

■ All parties to this action agree that the employment contracts and U-4 form agreements have been entered into by Merrill Lynch and by each of the defendants. Both agreements contain substantially the same language regarding which disputes are subject to arbitration.

Recently the Supreme Court has established that a strong federal policy in favor of arbitration exists under the provisions of the Federal Arbitration Act. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* — U.S. —, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In fact, in discussing the issue of arbitrability the court went so far as to state "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability." — U.S. at —, 103 S.Ct. at 941–942, 74 L.Ed.2d at 785.

Because this court has found the existence of arbitration agreements among the parties and must resolve any disputes as to the scope of those arbitration agreements in favor of arbitrability, the court finds that the issues at hand are "arising out of the employment or termination of the employment . . .," and are thereby arbitrable. Defendants' motion to stay these proceedings and to compel arbitration is hereby GRANTED.

■ Merrill Lynch further urges this court to preliminarily enjoin defendants from continuing to violate certain provisions of their employment contracts during the arbitration proceedings. Section 3 of the Arbitration Act provides that upon motion of a party to an arbitration agreement as defined under the Act this court "shall, on the application of one of the parties, stay the trial of the action until such arbitration has been had . . ." 9 U.S.C. § 3. This court finds that the language of Section 3 mandates the issuance of a stay and prohibits evidentiary proceedings that would be required before this court could consider any preliminary injunction. Further, the Supreme Court in *Moses H. Cone, supra,* confirmed that Sections 3 and 4 of the Federal Arbitration Act look forward to "expeditious and summary [judicial] hearing(s), with only restricted inquiry into factual issues." *Id.* at 940. To consider Merrill Lynch's request for a preliminary injunction, this court must hear detailed factual issues. Such involvement by this court would frustrate the statutory policy of enforcing arbitration agreements and of moving the parties into arbitration as quickly as possible. Accordingly, the motion for a preliminary injunction is DENIED.

Although this court finds that involvement in the factual issues concerning Merrill Lynch's request for a preliminary injunction would frustrate the statutory policy of the Federal Arbitration Act, the court does hereby maintain jurisdiction of this action to enter such further orders as may be appropriate or as provided for under the arbitration act and to enforce the orders or

mandate of this court or of the arbitration panel.

It is further ORDERED that the parties move promptly to seek arbitration before the New York Stock Exchange and then proceed with arbitration on an expedited basis. The court urges the New York Stock Exchange to give prompt attention to the parties' request for arbitration and expeditiously entertain any requests for injunctive relief.

The court also recognizes that it will be impossible to have this matter considered immediately by a NYSE arbitration panel. The affidavit of the NYSE Arbitration Director, attached to defendants' memorandum in opposition to the motion for preliminary injunction, indicates that an arbitration panel can be convened "within a day of being asked to do so." Allowing one working day to do so and one day to actually hear either party's request for injunctive relief will take this matter, at a minimum, to November 22, 1983. The court has previously determined, in its temporary restraining order of November 9, 1983, that there is substantial threat that irreparable injury may occur if defendants are not enjoined. *See, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham,* 658 F.2d 1098 (5th Cir., Unit B, 1981). Therefore, there are sound reasons for continuing the temporary restraining order in effect until there can be an opportunity for the arbitration panel to be convened and take its own action. Having found good cause for the continuation of the temporary restraining order, it is further ORDERED that the temporary restraining order is hereby extended to, and shall expire and dissolve on, November 22, 1983, at 3:00 p.m., C.S.T.

To avoid any unnecessary interference with the defendants' new employment, it is further ORDERED that Merrill Lynch shall promptly advise any individuals calling its offices and wishing to speak with any of the defendants that the defendants are no longer employed with Merrill Lynch, but are currently employed with Prudential-Bache Securities, Inc. in its Fort Walton Beach, Florida office. Merrill Lynch shall deal fairly with all such inquiries, shall provide the defendants' telephone number if requested by the caller, and shall promptly provide defendants with account information when requested in writing by clients of Merrill Lynch.

No findings or conclusions are made as to the substantive allegations of this matter, and no evidentiary hearings have been held.

The parties are directed to jointly submit a status report regarding the progress of the arbitration to this court at 30-day intervals, commencing on December 19, 1983.