**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Plaintiff,**

v.

**John M. SHUBERT, Defendant.**

**No. 83–903–Civ–Orl–11.**

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 23, 1983.

C.B. Rogers and Phillip S. McKinney of Rogers & Hardin, Atlanta, Ga., and Lawrence Phalin, of Mateer, Harbert, Frey, Bechtel & Phalin, Orlando, Fla., for plaintiff.

Curtis Carlson, of Fowler, White, Burnett, Hurley, Banick & Strictroot, Miami, Fla., and Lawrence G. Mathews, Jr., of Smith, Mackinnon & Mathews, Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION

JOHN A. REED, Jr., District Judge.

On 10 November 1983 the plaintiff filed a verified complaint alleging that the defendant in October 1979 had signed an employment contract with the plaintiff. A copy of the agreement was attached to the complaint. The complaint alleged that the defendant resigned his employment with the plaintiff on 7 November 1983 and, in violation of the contract, had taken or copied certain of Merrill Lynch's records. Further it alleged that after the termination of defendant's employment with Merrill Lynch, he solicited former customers for the benefit of the defendant's new employer, Prudential-Bache Securities, Inc. The relief demanded included a temporary restraining order, a preliminary and permanent injunction, damages and a constructive trust. The court denied the application for a temporary restraining order, but heard the application for preliminary injunction on 17 November 1983. Before the hearing, the defendant filed a motion to stay the litigation and compel arbitration. Without objection, the court heard both motions on 17 November 1983.

Paragraph 5 of the employment agreement expressly provides that any controversy between the defendant and the plaintiff arising out of the employment relationship or the termination of the relationship "shall be settled by arbitration at the request of either party in accordance with the Constitution and Rules of the New York Stock Exchange, then in effect." The plaintiff does not take issue with the arbitrability of the dispute. Nevertheless plaintiff insists that a preliminary injunction should issue to preserve the status quo during the pendency of the arbitration.

See plaintiff's brief filed 16 November 1983.

The inquiries which guide the court's discretion in connection with preliminary injunctions are whether or not: (1) the movant has established a substantial likelihood of success on the merits; (2) the movant has established a substantial threat that it will be irreparably harmed if injunctive relief is not granted; (3) the threatened injury to the movant outweighs the potential harm which the injunctive relief might cause the defendant, and (4) granting the preliminary injunction will disserve the public interest. *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974).

The defendant's affidavit admits he made copies of account statements of certain customer records. The defendant likewise has admitted that after leaving the employment of Merrill Lynch, he sent a letter to his former customers advising them of his new association. However little may be said for the position the defendant apparently takes, this court concludes that the preliminary injunction should be denied and the litigation stayed during the pendency of arbitration. The agreement between Merrill Lynch and the defendant, given its purpose, is obviously an agreement evidencing "a transaction involving commerce" for purposes of Section 2 of the federal arbitration act, 9 U.S.C. § 1 et seq. See *Dickstein v. DuPont,* 443 F.2d 783, 785 (1st Cir.1971).

The issues raised by the complaint are whether or not the employment contract was breached by the plaintiff by his post termination solicitation of customers with whom he had done business as an employee of Merrill Lynch and by his copying of Merrill Lynch records relating to such customers. These issues of course would never have arisen but for the employment relationship between the parties and its termination. The issues, therefore, quite clearly constitute a controversy arising out of the defendant's employment with Merrill Lynch and the termination of that employment. The issues thus fall within the scope of the arbitration clause in the employment contract. Under the foregoing circumstances, this court is required by Section 3 of Title 9, United States Code, to direct the parties, upon motion of either, to arbitration in accordance with the terms of the contract. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

The federal arbitration act manifests a strong Congressional policy in favor of dispute resolution by arbitration. The act contemplates moving the parties to arbitration as quickly as possible and, thus, as inexpensively as possible to the resources of the federal court system. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Were this court to adjudicate the probability of the plaintiff's success on the merits of the very issues which are subject to arbitration, the judicial process might well interfere with the ability of the arbitration panel to fashion appropriate relief through the arbitration process. Furthermore, the inquiry necessary to make such an adjudication would clearly be inconsistent with the purpose of the arbitration act to unburden the court system. This court concludes, therefore, that an adjudication of the claim for preliminary injunctive relief would disserve the public interest in arbitration where the adjudication would necessitate a ruling on the major issues which are subject to arbitration.

The court has examined the case of *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064 (2d Cir.1972). Admittedly that decision does support the award of preliminary injunctive relief for purposes of maintaining the status quo during arbitration. The case is dissimilar to the present in two significant respects. First the court was not there called upon to make an adjudication with respect to the primary issue that was subject to arbitration. Secondly, Dr. J's employment agreement expressly provided for injunctive relief during the pendency of arbitration. *See,* note 1 at 1066. This court does not, therefore, consider *Erving* as persuasive.

Finally this court is not satisfied the plaintiff has made an adequate showing that irreparable injury will result if preliminary injunctive relief is withheld. The affidavit of Edward W. Morris, Jr. submitted by the defendant suggests the possibility of an injunction issued by the arbitration panel and judicially enforceable.

For the reasons above mentioned this court concludes that the application for preliminary injunctive relief should be denied and the parties ordered to promptly proceed with arbitration.