No. 84–629. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. *v.* McCOLLUM ET AL. Ct. App. Tex., 14th Sup. Jud. Dist. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

This petition presents the question whether § 3 of the Federal Arbitration Act, 9 U. S. C. § 3, bars a court from issuing a tempo-

rary injunction pending arbitration of a contractual dispute.[1] Respondent McCollum (hereafter respondent) is a former employee of petitioner Merrill Lynch, Pierce, Fenner and Smith, Inc. The employment contract signed by Merrill Lynch and respondent provided that in the event that respondent's employment with Merrill Lynch was terminated, respondent would not be allowed to remove client lists from the premises of Merrill Lynch nor to solicit any of Merrill Lynch's clients for a period of one year from the date of termination. The contract also provided that "any controversy between [respondent] and Merrill Lynch arising out of [respondent's] employment, or the termination of [respondent's] employment with Merrill Lynch for any reason whatsoever shall be settled by arbitration at the request of either party . . . ."

Respondent left petitioner and obtained a position with one of petitioner's competitors. Alleging that respondent had violated the terms of his contract by absconding with petitioner's client lists and soliciting petitioner's clients, petitioner sued respondent for damages and injunctive relief in the District Court for Harris County, Texas. After entering a temporary restraining order enjoining respondent from any actions in violation of the contract, the District Court concluded that the dispute was arbitrable and that the court therefore lacked authority to adjudicate it. Accordingly, although the court was of the opinion that petitioner would have been entitled to injunctive relief but for the arbitration clause, the court dissolved its restraining order, denied petitioner's motion for a temporary injunction, and stayed all further proceedings in the action pending arbitration of the underlying dispute.

Petitioner appealed the District Court's order to the Texas Court of Appeals. Petitioner attacked the trial court's finding that the dispute was arbitrable, the denial of preliminary injunc-

---

[1] Section 3 provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

tive relief, and the order compelling arbitration. The Court of Appeals affirmed the lower court on all three issues. 666 S. W. 2d 604 (1984). In upholding the denial of the preliminary injunctive relief pending arbitration, the Court of Appeals interpreted § 3 of the Federal Arbitration Act (applicable, in the court's view, to state as well as federal courts) to command an immediate halt to judicial proceedings once a court determines that the dispute underlying an action is arbitrable. Judicial resolution of the issues involved in a motion for injunctive relief, the court held, would be inconsistent with the Act's command that the merits of the dispute be determined by the arbitrator. Thus, the court concluded that § 3 of the Arbitration Act precludes a court from entering a preliminary injunction to maintain the status quo pending arbitration in any arbitrable dispute.

The Supreme Court of Texas denied petitioner's application for a writ of error to review the judgment of the Court of Appeals, and petitioner filed this timely petition for certiorari.

The question presented by this case—whether the Arbitration Act bars a court from issuing a preliminary injunction in a case subject to arbitration—is one that has divided the state and federal courts.[2] In adopting the position that preliminary injunctive relief is unavailable, the Texas Court of Appeals followed recent rulings of the Federal Courts of Appeals for the Eighth and Tenth Circuits, *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Hovey*, 726 F. 2d 1286, 1291 (CA8 1984); *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Scott*, No. 83–1480 (CA10, May 12, 1983) (unpublished order). However, the Second and Seventh Circuits, apparently untroubled by § 3 of the Arbitration Act, have routinely held that preliminary injunctions are available to maintain the status quo pending arbitration even in actions subject to the Arbitration

---

[2] Petitioner contends not only that the Texas Court of Appeals misconstrued § 3 of the Arbitration Act, but also that § 3 is inapplicable in state-court proceedings. Although this Court, in holding that state courts must apply § 2 of the Act, has reserved the question whether § 3 applies to the state courts, see *Southland Corp.* v. *Keating*, 465 U. S. 1, 16, n. 10 (1984), petitioner cites no authority for the proposition that § 3 does not apply, and there appears to be no substantial disagreement among the state courts over § 3's applicability. See *Moses H. Cone Memorial Hospital* v. *Mercury Construction Corp.*, 460 U. S. 1, 26, n. 34 (1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Melamed*, 405 So. 2d 790 (Fla. App. 1981).

Act's command that the court compel arbitration rather than adjudicating the underlying dispute. See *Sauer-Getriebe KG* v. *White Hydraulics, Inc.*, 715 F. 2d 348 (CA7 1983); *Connecticut Resources Recovery Auth.* v. *Occidental Petroleum Corp.*, 705 F. 2d 31 (CA2 1983); *Guinness-Harp Corp.* v. *Joseph Schlitz Brewing Co.*, 613 F. 2d 468 (CA2 1980); *Erving* v. *Virginia Squires Basketball Club*, 468 F. 2d 1064 (CA2 1972). The Supreme Court of Colorado has also recently held (without any discussion of the Arbitration Act) that a preliminary injunction to maintain the status quo is available in an action in which a court is otherwise obligated to stay its proceedings and compel arbitration. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *District Court of Denver*, 672 P. 2d 1015 (1983).

The importance of resolving the question of the availability of preliminary injunctive relief in cases subject to arbitration is underscored by the confusion over the issue among the Federal District Courts—courts whose decisions on the issuance of preliminary relief are often effectively final, given that the imminence of arbitration may sharply limit a party's incentives to appeal an adverse decision. In an opinion written in 1951, Judge Weinfeld of the Southern District of New York concluded that the power to issue a preliminary injunction pending arbitration follows from the court's power to compel arbitration, for "[i]t would be an oddity in the law if the Court, after compelling a party to live up to his undertaking to arbitrate, had to stand idly by during the pendency of the arbitration which it has just directed and permit him to assert his 'right to breach a contract and to substitute payment of damages for nonperformance.'" *Albatross S.S. Co.* v. *Manning Bros., Inc.*, 95 F. Supp. 459, 463 (1920) (quoting O. Holmes, Collected Legal Papers 175). Judge Weinfeld's reasoning was adopted by the District Court for the Eastern District of New York in *Janmort Leasing, Inc.* v. *Econo-Car International, Inc.*, 475 F. Supp. 1282 (1979). In other recent cases, however, District Courts have concluded that they lack the power to issue a preliminary injunction in cases subject to § 3 of the Arbitration Act. See, *e. g., Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *DeCaro*, 577 F. Supp. 616 (WD Mo. 1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Shubert*, 577 F. Supp. 406 (MD Fla. 1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Thompson*, 575 F. Supp. 978 (ND Fla. 1983); *Smith* v. *Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 575 F. Supp. 904 (ND Tex. 1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Thomson*, 574 F. Supp. 1472 (ED Mo. 1983). But cf. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *De Liniere*, 572 F. Supp. 246 (ND Ga. 1983), in which the court, in a case governed by § 3, apparently assumed it had the power to grant a preliminary injunction but denied the injunction on the merits.

Whether the Arbitration Act bars the issuance of a preliminary injunction pending arbitration appears to be a frequently litigated question of considerable importance to the parties to arbitration agreements. The issue is one well worth definitive resolution by this Court. The most obvious obstacle to review of this particular case is that the arbitration proceedings will likely have begun and ended—mooting the issue of relief pending arbitration—by the time this Court has the opportunity to resolve the issue. This obstacle, however, is more apparent than real. The Court has recognized an exception to its general mootness doctrine for cases presenting issues that are "capable of repetition, yet evading review." See, *e. g., Sosna* v. *Iowa*, 419 U. S. 393 (1975); *Dunn* v. *Blumstein*, 405 U. S. 330 (1972). In *Weinstein* v. *Bradford*, 423 U. S. 147 (1975), we held that "the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*, at 149. Both criteria are satisfied in this case. It would be the rare case indeed in which an arbitration proceeding compelled under the Arbitration Act would not have commenced before the issue of the propriety of injunctive relief pending arbitration found its way to this Court. Thus, unless the Court is willing to apply the "capable of repetition, yet evading review" doctrine, it is likely that the issue will never be conclusively resolved here. Moreover, the likelihood that petitioner will again find itself in the position of seeking injunctive relief pending arbitration of a contractual dispute with a former employee seems substantial: in fact, several of the courts that have so far examined the issue have done so in proceedings initiated by petitioner. The question, then, is one that is "capable of repetition, yet evading review"; and in view of its importance, I would grant certiorari to resolve it.