**PROTANE GAS CO. OF PUERTO RICO, INC., Plaintiff,**

v.

**SONY CONSUMER PRODUCTS CO., Defendant.**

**Civ. No. 85-0715(PG).**

United States District Court, D. Puerto Rico.

July 10, 1985.

Guillermo Nigaglioni, Hato Rey, P.R., for plaintiff.

Arturo Trías, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

On March 19, 1985, plaintiff herein, Protane Gas Co. of P.R., Inc. (PROGASO), filed a complaint in the Superior Court of Puerto Rico, San Juan Part. The complaint alleged that defendant, Sony Consumer Products Co. (SONAM), illegally terminated a distribution contract between them and that said termination was illegal under the terms of Public Law 75 of June 24, 1964, 10 L.P.R.A. §§ 278 and 278(d).

Plaintiff (PROGASO) requested a provisional remedy ordering the continuance of the distribution agreement.

A hearing scheduled for April 1, 1985, before a Superior Court Judge of the Commonwealth of Puerto Rico was not held because on March 27, 1985, a Petition of Removal was filed with this Court. 28 U.S.C. § 1446.

Thereafter, on April 10, 1985, defendant (SONAM) filed a "Motion to Dismiss or Stay Proceedings Pending Arbitration". In said motion SONAM requests a stay of proceedings alleging that paragraph nineteen of the distribution agreement between itself and PROGASO compels arbitration. The referred paragraph provides in part as follows:

> Except as hereinafter qualified, *any controversy or claim arising out of or relating to this agreement or the breach thereof, shall be settled by arbitration to be held in New York City* in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitration(s) may be entered in any court having jurisdiction thereof.

As evinced by the foregoing, the agreement herein certainly provides for arbitration and specifically states that said arbitration is to be held in the State of New York.

It has been alleged by plaintiff that Article 3.B of Law 75, 10 L.P.R.A. § 278b-2, declares null and void, as against public policy, any agreement to arbitrate out of Puerto Rico or subject to foreign laws any controversy arising out of a distribution contract.

The section on which plaintiff relies provides:

> The dealer's contracts referred to in this chapter shall be interpreted pursuant to and ruled by the laws of the Commonwealth of Puerto Rico, and any other stipulation to the contrary shall be void. *Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.* (emphasis ours) 10 L.P.R.A. § 278b–2

SONAM in turn contends that the above quoted section is violative of the Supremacy Clause and of the Federal Arbitration Act. 9 U.S.C. § 1, et seq. We agree.

Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The Supreme Court has made clear that in enacting section 2 of the Federal Arbitration Act, *supra,* Congress declared a *national policy favoring arbitration, Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 858, 78 L.Ed.2d 1 (1984). Furthermore, the Arbitration Act creates a body of federal substantive law which is applicable in state and federal courts. *Southland Corp. v. Keating, supra,* 104 S.Ct., at 859.

■ It is thus settled that the issue of *arbitrability* is a question of substantive federal law and that federal law in terms of the Arbitration Act governs the issue in either the state or the federal court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, at p. 25, fn. 36, 103 S.Ct. 927, at p. 943, fn. 36, 74 L.Ed.2d 765 (1983). This a field preempted by federal law.

■ Concretely, the argument raised by PROGASO questioning the validity of the agreement to arbitrate out of Puerto Rico has been disposed of by the First Circuit in the case of *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 723 F.2d 155, 158 (1st Cir.1983). In that case it was expressly held that federal law *preempts* the direct application of section 278(b)(2) and that under 9 U.S.C. § 2 arbitration agreements are declared valid and enforceable as a matter of preemptive federal law. *Ibid.*

There being a valid arbitration agreement between the parties, an order for arbitration is appropriate under the facts of the case. *Ledee v. Ceramiche Ragno,* 684 F.2d 184, 186–87 (1st Cir.1982).

■ Although there is a valid arbitration agreement which compels arbitration in the instant case, two issues still remain before us. To wit: plaintiff's request for an injunction *pendente lite* and his petition for a determination that arbitration is to be held pursuant to Puerto Rico rather than New York law.[1]

The first of these two issues presents to us an unsettled area of law, an area of vital importance to the parties to arbitration agreements. It confronts us with a frequently litigated issue as to which the states and the federal courts are divided.

Many courts are of the view that a preliminary injunction pending arbitration should not be issued by virtue of section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.

The referred section provides:

1. Both of these requests have been made through the "Motion in Reply to Defendant's Motion to Dismiss or Stay Proceedings Pending Arbitration," filed on April 22, 1985.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such one agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the term of the agreement, poviding the applicant for the stay is not in default in proceeding with such arbitration.

It is of importance to note that in a recent case the Supreme Court of the United States denied a petition for certiorari to review the decision of the Court of Appeals of Texas, Houston (14th District) *which upheld the District Court, Harris County, in its denial to grant preliminary injunctive relief pending arbitration. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum,* —— U.S. ——, 105 S.Ct. 811, 1812, 83 L.Ed.2d 804 (1985).[2]

On the other hand certain circuits, and in particular the Second, the Fourth and the Seventh, have held that a federal court may issue a preliminary injunction pending arbitration, *i.e., Connecticut Resources Recovery Authority v. Occidental Petroleum Corporation,* 705 F.2d 31, 35 (2nd Cir. 1983); *Guinness-Harp Corp. v. Jos. Schlitz-Brewing Co.,* 613 F.2d 468, 472 (2d Cir.1980); *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064 (2nd Cir. 1972); *Merrill Lynch, Pierce, Fenner & Smith v. Bradley,* 756 F.2d 1048, 1053–54 (4th Cir.1985); *Sauer-Getriebe K.G. v. White Hydraulics, Inc.,* 715 F.2d 348, 352 (7th Cir.1983).

However, we find that the denial of the preliminary injunction in a case like the instant one is more faithful to the purposes of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., in view of the clear agreement to arbitrate. *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974); *Merrill Lynch, Pierce, Fenner & Smith v. Hovey,* 726 F.2d 1286, 1291–92 (8th Cir.1984).

The Supreme Court of the United States has expressed its reserves as to being involved at the preliminary injunction stage of the dispute. *Buffalo Forge Co. v. United Steelworkers of America AFL–CIO,* 428 U.S. 397, 412, 96 S.Ct. 3141, 3149, 49 L.Ed.2d 1022 (1976). Several district courts have consistently denied preliminary injunction under such circumstances in view that this would necessitate a ruling on major factual issues which are subject to arbitration. *Merrill Lynch, Pierce, Fenner & Smith v. Shubert,* 577 F.Supp. 406, 407 (M.D.Fla.1983); *Merrill Lynch, Pierce, Fenner & Smith v. Thomson,* 575 F.Supp. 978, 979 (E.D.Mo.1983); *Smith v. Merrill Lynch, Pierce, Fenner & Smith,* 575 F.Supp. 904, 905 (N.D.Texas 1983); *Merrill Lynch, Pierce, Fenner & Smith v. Thomson,* 574 F.Supp. 1472, 1478 (E.D.Mass. 1983).

In the case of *Prima Paint Corp. v. Flood & Conklin Manufacturing Corp.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) the parties had signed a contract containing an arbitration clause. One party alleged that there had been fraud in the inducement of the contract. The court held that the language and policies of the Act required a conclusion that the fraud issue was arbitrable. The court further stated that any doubts concerning the scope of arbitrability should be resolved in favor of arbitration.

In the instant case there is an express and valid agreement between the parties to arbitrate any or all controversies arising out of the distributorship agreement. Broad language of this nature has been held to cover contract-generated as well as contract-related disputes between the parties. *Acevedo Maldonado v. P.P.G. Industries,* 514 F.2d 614, 616 (1st Cir.1975). The controversy concerning the law to be ap-

---

**2.** The dissenting opinion following the court's denial of certiorari stresses that the certiorari should have been granted to put an end to the existent division among courts stemming from this issue.

plied is one falling within the scope of the agreement. *Acevedo-Maldonado v. P.P.G. Industries, supra.* Accordingly, such consideration is for the arbitrators and not for the courts. *Prima Paint Corp. v. Flood & Conklin Manufacturing Corp., supra,* 388 U.S., at 406, 87 S.Ct. at 1807.

The purpose of the Federal Arbitration Act was to compel arbitration in terms of the contract itself. *Moses H. Cone Memorial Hosp. v. Mercury, supra,* 460 U.S., at 22, 103 S.Ct. at 940, *Scherk v. Alberto-Culver Co., supra.*

Not granting the preliminary injunction will not render the process a "hollow formality" in view that if a preliminary injunction is necessary to protect a party or the status quo, the arbitrator has the power to issue an injunction. *Merrill Lynch, Pierce, Fenner & Smith v. DeCaro,* 577 F.Supp. 616, 622 (W.D.Mo.1983).

Thus, it is to the arbitrator rather than to the Court that plaintiff must subject its contentions. *Acevedo Maldonado v. P.P.G. Industries, supra; J & R Sportswear & Co. v. Bobbie Brooks, Inc.,* 611 F.2d 29, 30 (3d Cir.1979); *Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie Du Papier (RAKTA),* 508 F.2d 969, 974 (2d Cir.1974); *Creson v. Quickprint of America, Inc.,* 558 F.Supp. 984, 986 (W.D.Mo.1983).

WHEREFORE, in view of the foregoing the Court hereby GRANTS defendant's motion to stay proceedings, and FURTHER ORDERS the parties to submit to arbitration.

IT IS SO ORDERED.