**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,**

v.

**Jay A. CUNNINGHAM, Steven P. Fromm, and Annette Sills, Defendants.**

**No. 90 C 1034.**

United States District Court, N.D. Illinois, E.D.

April 27, 1990.

888

Peter A. Cantwell and Stephen F. Boulton, Cantwell & Cantwell, Chicago, Ill., for plaintiff.

Joels J. Bellows and Nicholas P. Iavarone, Bellows & Bellows, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Defendants in this case, three former investment brokers for plaintiff ("Merrill Lynch"), clandestinely removed approximately 1800 client files and photocopied them before leaving the employ of Merrill Lynch on February 16, 1990, to work for a competing brokerage firm. Over the weekend after their termination, defendants sent solicitation letters to an undetermined number of these clients on behalf of their new employer. Merrill Lynch responded by filing a verified complaint in which it claimed that defendants' conduct violated the Account Executive Training Agreements signed by each.[1] After the parties were unable to work out a stand-by agreement to preserve the status quo, this court entered a temporary restraining order prohibiting defendants from making any other unsolicited contacts with individuals on the customer lists. The matter was then referred to a magistrate for a hearing and recommendation regarding the appropriateness of a preliminary injunction. In the interim, defendants have filed a motion to compel expedited arbitration before the New York Stock Exchange ("NYSE"). The issues presently before the court are whether defendants have filed a proper demand for arbitration, whether this court may order "expedited arbitration," and whether this court's restraining order should remain in effect until after the arbitrators have had sufficient time to consider the appropriateness of preliminary relief.

At the outset, it is important to state the issues that are not in dispute. In their initial motion to compel expedited arbitration, defendants emphasize that they "are not challenging the appropriateness of the issuance of the temporary restraining order already in place...." In fact, the parties have agreed to modifications to the order on two occasions. At the same time, Merrill Lynch does not take issue with defendants' contention that the issues raised in the complaint before this court are matters committed to arbitration before the NYSE. Merrill Lynch recognizes that NYSE Rule 347[2] requires arbitration of

---

1. The Executive Training Agreement signed by each defendant contains clauses stating that (1) all of Merrill Lynch's client records shall remain the property of Merrill Lynch at all times during and after the termination of the executive's employment, (2) the records are the sole proprietary information of Merrill Lynch and shall be treated as confidential, (3) the records shall not be removed from the premises of Merrill Lynch or duplicated or copied except with permission, (4) upon termination of his or her services, the executive will not solicit Merrill Lynch clients for a period of one year, and (5) the executive agrees that Merrill Lynch is entitled to injunctive relief and monetary damages if the solicitation clause is violated.

2. NYSE Rule 347 provides that "[a]ny controversy between a registered representative and any ... member organization arising out of employment or termination of employment of such registered representative by and with such member organization shall be settled by arbitration, at the instance of any such party, in accordance with the procedure described elsewhere in these rules." Merrill Lynch is a mem-

the issues once defendants have delivered a legally sufficient demand of arbitration. Defendants' March 21, 1990 Notice of Intent to Arbitrate is legally sufficient under the applicable New York law.[3]

■ Defendants' motion requesting this court to order expedited arbitration before the NYSE, however, must be denied. Although the parties may agree to expedited arbitration as a matter of contract, the governing contractual provisions in this case do not so provide. Under these circumstances, the court cannot order the NYSE to proceed with this case in an expedited manner. Although defendants cite to a number of unpublished court orders which seem to so hold, these cases are not controlling. Section 3 of the Federal Arbitration Act specifically provides that a court may order arbitration to proceed in a manner provided for in the agreement between the parties. 9 U.S.C. § 3. Accordingly, this court is without authority to order the NYSE or plaintiff to expedite its proceedings.

■ The final issue presented by defendants' motion is whether the pending arbitration divests the court of jurisdiction to maintain and enforce its restraining order pending arbitration. Defendants' position turns upon their interpretation of the provisions of the Federal Arbitration Act. The pertinent language of § 3 requires the federal court to "stay the trial of the action until such arbitration has been held in accordance with the terms of the [arbitration] agreement...." This language of the Act, which is admittedly wanting, has been the source of a split among the federal circuits over the continuing jurisdiction of the federal courts. At least two members of the Supreme Court have recognized the significance of the controversy. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCol-*

*lum,* 469 U.S. 1127, 1129–31, 105 S.Ct. 811, 812–14, 83 L.Ed.2d 804 (1985) (White, J., dissenting from the denial of certiorari, joined by Blackmun, J.).

In support of their position, defendants rely on the Eighth Circuit's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey,* 726 F.2d 1286 (8th Cir.1984), and prior lower court cases interpreting the Act as precluding such relief. In *Hovey,* the Eighth Circuit held that the lower court's order of preliminary injunctive relief pending arbitration was an abuse of discretion because it abrogated congressional intent in enacting the Federal Arbitration Act. This interpretation of the jurisdictional effect of § 3 of the Act has been called into question, and the Eighth Circuit now stands alone in this determination. A growing line of subsequent federal circuit cases hold that an order staying the proceedings pending arbitration does not divest the district court of subject matter jurisdiction to enter interim injunctive relief, and that such relief may, in appropriate cases, fulfill the objectives of the Act. *Ortho Pharmaceutical Corp. v. Amgen Inc.,* 882 F.2d 806, 811 (3rd Cir.1989); *Teradyne v. Mostek,* 797 F.2d 43, 47 (1st Cir. 1986); *Merrill Lynch, Pierce, Fenner & Smith v. Bradley,* 756 F.2d 1048, 1052 (4th Cir.1985); *Roso–Lino Beverage Distributors, Inc. v. Coca–Cola Bottling Co.,* 749 F.2d 124, 125 (2d Cir.1984). In addition to these cases, the Seventh Circuit specifically held that it was error for the district court not to grant injunctive relief pending arbitration of a matter where plaintiff established the factors for obtaining a preliminary injunction. *Sauer–Getriebe KG v. White Hydraulics, Inc.,* 715 F.2d 348 (7th Cir.1983), *cert. denied,* 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984)).

ber organization and each of the defendants is a registered representative.

**3.** Each of the Executive Training Agreements signed by defendants contains a choice of law clause requiring that the dispute be governed by New York law. There is no dispute between the parties about the scope of this provision. Accordingly, the demand for arbitration is governed by Article 75, § 7503(c) of the New York

Code of Civil Procedure. Under § 7503(c) a sufficient demand need only "specify the agreement pursuant to which the arbitration is sought and the name and the address of the party serving the notice.... Such notice and demand shall be served in the same manner as a summons or by registered or certified mail, return receipt requested."

In its decision in *Bradley*, the Fourth Circuit aptly underscored the policy rationale supporting its decision and interpretation of the Act:

> [W]here a dispute is subject to mandatory arbitration under the Federal Arbitration Act, a district court has the discretion to grant a preliminary injunction to preserve the status quo pending arbitration of the parties' dispute if the enjoined conduct would render that process a 'hallow formality.' The arbitration process would be a hallow formality where 'the arbitral award when rendered could not return the parties substantially to the *status quo ante.*' ... [this] decision will further, not frustrate, the policies underlying the Federal Arbitration Act.

*Bradley*, 756 F.2d at 1053–54.

In terms that are directly applicable to the present case, the *Bradley* court went on to explain why maintaining injunctive relief pending arbitration was appropriate:

> In this case preliminary injunctive relief pending arbitration furthers congressional policy by ensuring that the dispute resolution would be a meaningful process because without such an injunction, Bradley's conduct might irreversibly alter the status quo. When an account executive breaches his employment contract by soliciting his former employer's customers, a nonsolicitation clause requires immediate application to have any effect. An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done. The parties cannot be 'unsolicited.' It may be impossible for the arbitral award to return the parties substantially to the status quo ante because the prevailing parties' damages may be too speculative.

In this case, the grounds for maintaining the injunction are even more compelling than in *Bradley*. Defendants do not purport to challenge the propriety of the court's order of injunctive relief. The injunctive order has been modified by agreement of the parties to fit their compelling needs. Prior to entering the order, this court received affidavits and copies of deposition testimony confirming that Merrill Lynch's customer files, which included personal and confidential client information, were clandestinely removed over a period of time and copied. There was also evidence that at least some of these clients received solicitation letters from one of the defendants encouraging them to transfer their accounts to defendants' new employer.

At the same time, the court is not persuaded that defendants will suffer any undue hardship if the restraining order is maintained until the arbitrators are able to address the question of preliminary relief. Defendants argue that the injunction prevents them from pursuing their livelihood. This contention is specious; defendants are free to contact new clients, and presumably have done so. Additionally, any of the clients who desire to transfer their accounts to follow the defendants to their new brokerage firm are free to do so.

IT IS THEREFORE ORDERED that:

(1) Defendants' motion to stay the trial in this case pending arbitration is granted.

(2) Defendants' motion requesting the court to order "expedited" arbitration is denied.

(3) This court's modified order of injunctive relief will remain in effect pending arbitration until the arbitration panel is able to address whether continuing injunctive relief is necessary. This should not be a protracted period of time.

(4) The reference to the magistrate is vacated.

(5) This case is set for a report on status on July 2, 1990 at 9:15 a.m.