**GOOD(E) BUSINESS SYSTEMS, INC., Plaintiff,**

v.

**RAYTHEON COMPANY and Raytheon Data Systems Company, a Division of Raytheon Company, Defendants.**

No. 85-C-125-C.

United States District Court, W.D. Wisconsin.

July 29, 1985.

Thomas Pyper, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for plaintiff.

Michael Bowen, Foley & Lardner, Milwaukee, Wis., for defendants.

## ORDER

CRABB, Chief Judge.

This case is before the court on defendants' motion for a stay pending arbitration. Defendants have filed two motions, one of

which is styled as a motion to compel arbitration and for a stay pending arbitration. However, the only action requested by defendants is an order staying proceedings pending arbitration pursuant to 9 U.S.C. § 3. Therefore, I will treat defendants' motions as a single motion seeking a stay in proceedings pending arbitration.

Plaintiff, a Wisconsin corporation, is a distributor of computer, word processing and data processing equipment. Defendants are Delaware corporations with their principal place of business in Massachusetts. Plaintiff alleges that it has operated since 1981 as a distributor of products manufactured by defendants, under an agreement originally entered into with Lexitron Corporation and later assumed by defendants. Plaintiff alleges that defendants made numerous misrepresentations to plaintiff concerning the quality of office automation products manufactured by defendants and the degree of defendants' commitment to the office automation industry. In May of 1984, defendants announced that they were discontinuing the manufacture and sale of office automation products. Plaintiff brought suit, alleging five causes of action: (1) violation of the Wisconsin Fair Dealership Law, Wis.Stats. Ch. 135; (2) intentional misrepresentation; (3) strict responsibility misrepresentation; (4) negligent misrepresentation; and (5) breach of contract. There is jurisdiction over plaintiff's claims under 28 U.S.C. § 1332.

Defendants contend that all of plaintiff's claims are subject to arbitration under section 11.10 of the Distributor Agreement between the parties, which provides that "[a]ll disputes arising in connection with this Agreement shall be settled by arbitration...." Therefore, defendants contend that further proceedings in this court must be stayed pursuant to 9 U.S.C. § 3, which provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit

is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such application has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Plaintiff concedes that its fifth cause of action is arbitrable and hence subject to stay under 9 U.S.C. § 3. However, plaintiff contends that the other causes of action are outside the scope of the arbitration agreement. Plaintiff also contends that even if the fair dealership claim is otherwise within the scope of the arbitration clause, it is not arbitrable because the arbitration clause does not comport with Wis. Stats. § 135.05. I will deal with these arguments in turn.

Plaintiff first contends that the language of the arbitration clause, which provides for arbitration of disputes "arising in connection with" the Agreement, must be narrowly construed. Plaintiff seeks to contrast this language with clauses calling for arbitration of disputes "arising out of or relating to this Agreement or the breach thereof," which have been broadly construed, *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and to compare it to clauses calling for arbitration of disputes "arising under" or "arising out of" the contract, which have been narrowly construed. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir.1983). *But see S.A. Mineracao da Trinidade-Samitri v. Utah International, Inc.*, 745 F.2d 190 (2d Cir.1984) (limiting use of narrow construction).

This argument must be rejected. First, the plain meaning of the phrase "arising in connection with" suggests a broader scope for the arbitration clause than a phrase such as "arising out of" or "arising under," which seem to limit the clause to disputes concerning the contract itself. *See Mediterranean Enterprises, Inc. v. Ssangyong*

*Corp.* at 1463–64. Second, The Supreme Court has repeatedly emphasized that the Federal Arbitration Act, 9 U.S.C. §§ 1–14, embodies a national policy favoring arbitration of commercial disputes, and that as a result arbitration clauses are to be liberally construed, and that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). *See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* — U.S. —, — – —, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984).

Giving the arbitration clause such a construction, it is clearly broad enough to cover claims that defendants misrepresented the manner in which they would perform their obligations under the contract. *See Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH,* 585 F.2d 39 (3d Cir.1978). The arbitration clause is also broad enough to cover the fair dealership claim, which is itself rooted in contract. Wis.Stats. § 135.02(2) (defining dealership); *see Century Hardware Corp. v. Acme United Corp.,* 467 F.Supp. 350 (E.D.Wis. 1979).

■ Two arguments concerning the fair dealership claim remain. The first concerns whether the fact that the fair dealership claim is statutory requires a stronger showing of arbitrability. In *Mitsubishi,* the Court emphatically rejected such an argument, holding that there is no presumption against arbitration of statutory claims, and that unless a statute itself precludes waiver of the right to a judicial forum the fact that a claim is statutory has no effect on its arbitrability. *Mitsubushi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* — U.S. at — – —, 105 S.Ct. at 3353–54.

■ The second is that the Wisconsin Fair Dealership Law precludes arbitration of claims, unless certain conditions are met. Wis.Stats. § 135.06 provides for a judicial remedy for violations of the fair dealership law. Under Wis.Stats. § 135.025(3), any contract purporting to vary the effect of Ch. 135 is void. Wis.Stats. § 135.05 provides as follows:

> This chapter shall not apply to provisions for the binding arbitration of disputes contained in a dealership agreement concerning the items covered in s. 135.03, if the criteria for determining whether good cause existed for a termination, cancellation, nonrenewal or substantial change of competitive circumstances, and the relief provided is no less than that provided for in this chapter.

Plaintiff contends that the effect of these provisions is to preclude arbitration of fair dealership claims, unless the agreement provides that the statutory criteria will govern the determination of good cause and equivalent relief will be available. Defendants do not dispute plaintiff's interpretation of the fair dealership law, or that it would otherwise preclude arbitration of plaintiff's fair dealership claim, but argue that federal law preempts the Wisconsin Fair Dealership Law.

Under 9 U.S.C. § 2, a "written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." In *Southland Corp. v. Keating,* 104 S.Ct. 852, the Court held that § 2 establishes a substantive rule of law applicable in both federal and state courts, and precludes states from requiring "a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Id.* at 858. Accordingly, the Court held preempted a California statute which was interpreted as precluding arbitration of claims under the California Franchise Investment Law. *Id.* at 861.

Plaintiff argues that the instant case is distinguishable from *Southland* because the Wisconsin Fair Dealership Law does not prohibit arbitration of fair dealership claims, but simply requires that for fair dealership claims to be arbitrable the arbitration agreement must comply with Wis. Stats. § 135.05. This argument must fail for several reasons. First, in *Southland* the Court emphasized that § 2 permits limitations on enforceability of arbitration provisions only where the subject matter is not a "transaction involving commerce" or where there are grounds for the revocation of the contract. *Id.* at 858. Thus, further limitations placed by a state on the enforceability of arbitration agreements necessarily conflict with § 2, even if those limitations do not amount to a complete preclusion of arbitrability. Second, the Court found that § 2 "withdrew the power of the states to require a judicial forum for the resolution of claims" which the parties had agreed to arbitrate. *Id.* Wis.Stats. Ch. 135 purports to require judicial resolution of some fair dealership claims despite the parties' agreement to arbitrate. It thus purports to exercise a power that the state no longer has. Finally, the Court held that federal law governing arbitrability is applicable both in state and federal courts. *Id.* at 861; *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. at 24, 103 S.Ct. at 941. Thus, the Court has held in effect that federal law governing the arbitrability of commercial contracts entirely displaces state regulation of the field. States simply lack the power to enact limits on the arbitrability of commercial contracts that go beyond those contained in 9 U.S.C. § 2.

I conclude that the provisions of Wis. Stats. Ch. 135 that purport to limit the arbitrability of fair dealership claims involving agreements otherwise within the scope of 9 U.S.C. § 2 conflict with federal law and are therefore preempted under the Supremacy Clause, U.S. Const. art. VI. Accordingly, all of plaintiff's claims will be stayed pending arbitration, pursuant to 9 U.S.C. § 3.

**ORDER**

IT IS ORDERED that further proceedings in this case are STAYED, pending arbitration in accordance with the terms of the agreement between the parties.