**Phillip A. HALUSKA, Plaintiff,**

v.

**RAF FINANCIAL CORPORATION, Defendant.**

**No. 1:94–CV–2661–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 29, 1994.

D. Richard Jones, III and Gregory Bruce Walling, Jones & Jones, Atlanta, GA, for plaintiff.

Stephen Thomas LaBriola, Fellows Johnson Davis & LaBriola, Atlanta, GA, and Harold R. Bruno, III, Hopper & Kanouff, Denver, CO, for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the Court on: (1) Defendant's Motion to Stay Proceedings [2–1]; (2) Defendant's Motion to Compel Arbitration in Denver, Colorado [2–2]; and (3) Plaintiff's Motion for Remand of Count Two of Complaint [6–1]. The Court: (1) GRANTS Defendant's Motion to Stay Proceedings; (2) DENIES Defendant's Motion to Compel Arbitration in Denver, Colorado; and (3) DENIES Plaintiff's Motion for Remand of Count Two of Complaint.[1]

## BACKGROUND

Plaintiff Phillip A. Haluska was an employee at Defendant RAF Financial Corporation in Defendant's Atlanta, Georgia office. Plaintiff is a resident and citizen of Georgia. Defendant RAF Financial Corporation is a broker-dealer registered with the Securities and Exchange Commission and various states, including Georgia. Defendant is also a member of the National Association of Securities Dealers, Inc. ("NASD"). Defendant is a Colorado corporation with its principal place of business in Colorado.

Defendant employed Plaintiff as a securities broker. In September 1993 Plaintiff executed an agreement entitled Registered Representative Employment Agreement ("Agreement"). The Agreement provides in pertinent part:

> This Agreement shall be construed in accordance with the laws of the State of Colorado. The parties agree that this Agreement was entered into in the City and County of Denver and State of Colorado and that the Company is a Colorado corporation with its principal office in the

---

1. Although Defendant has made a claim for attorney's fees, it fails to show any reason as to why the Court should award these fees. The Court, therefore, declines to consider Defendant's claim.

State of Colorado. Therefore, the parties agree that any legal actions which are instituted in a court of law by either party and relating to this Agreement shall be instituted and heard in the appropriate federal or state court in Denver, Colorado. *Each party to this Agreement reserves the right to arbitrate, and to force the other party to arbitrate, claims arising hereunder in a NASD arbitration proceeding in Denver, Colorado.*

(Emphasis added).

In addition, to be registered with the NASD as a representative for Defendant, Plaintiff also executed the Form U–4, Uniform Application for Securities Industry Registration ("U–4"). The U–4 requires Plaintiff to arbitrate "any dispute, claim or controversy that may arise between [Plaintiff] and [Defendant]."

On June 15, 1994, Defendant discharged Plaintiff from employment for unauthorized trading within a client's account. Subsequently, the Georgia Department of Labor rejected Plaintiff's application for unemployment benefits, determining that Plaintiff was discharged for failure to obey orders, rules, or instructions. Plaintiff appealed, and the Administrative Hearing Officer affirmed the Georgia Department of Labor's initial determination.

Plaintiff alleges that he earned about $16,700 in commissions between May 1, 1994 and June 14, 1994.[2] Although Plaintiff acknowledges that Defendant incurred $4500 in damages from the unauthorized trade, Plaintiff contends that Defendant has yet to pay any of the commissions earned.

Plaintiff sent a written demand to Defendant, alleging wrongful termination and seeking unpaid commissions. On July 28, 1994, Defendant informed Plaintiff that his employment agreement required claims to be arbitrated with the NASD office in Denver, Colorado.

Plaintiff brought suit against Defendant in Fulton County Superior Court, alleging un-

paid commissions, violations of Georgia's Minimum Wage Law, tortious interference with Plaintiff's property and commission rights, and seeking attorney's fees pursuant to O.C.G.A. § 13–6–11.[3] Defendant removed Plaintiff's suit to this Court.

## DISCUSSION

### I. Defendant's Motion to Stay Proceedings

Defendant requests that this Court stay proceedings pending arbitration as set forth in Plaintiff's Employment Agreement. Plaintiff contends that the arbitration clauses in the Agreement and U–4 are unenforceable.

### A. Standard

■■■ The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. By its terms, the Act requires district courts to direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). The purpose of the Act was to ensure judicial enforcement of privately-negotiated arbitration agreements. *Id.* at 219, 105 S.Ct. at 1241. The Act places an arbitration agreement "upon the same footing as other contracts." H.R.Rep. No. 96, 68th Cong., 1st Sess., 1 (1924).

### B. Application

Plaintiff contends that the arbitration agreement is unenforceable. Federal policy embodied in the Federal Arbitration Act, however, promotes the enforcement of arbitration agreements. Moreover, the Supreme Court has compelled arbitration based on an arbitration clause in a U–4 form. *Perry v. Thomas,* 482 U.S. 483, 485–93, 107 S.Ct. 2520, 2523–27, 96 L.Ed.2d 426 (1987). In *Perry,* as in the instant case, the U–4 form

---

**2.** Plaintiff alleges that he cannot state the exact amount because Defendant possesses records needed to assess Plaintiff's commissions.

**3.** Plaintiff's original complaint included a violation of 26 U.S.C. § 4980B. Plaintiff, however, later withdrew this claim.

was completed and executed in connection with the plaintiff's employment application. *Id.* at 485, 107 S.Ct. at 2523. The plaintiff's complaint arose from a dispute over commissions on the sale of securities. *Id.* at 484, 107 S.Ct. at 2523.

Furthermore, the Supreme Court has held that mere inequality in bargaining power "is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33, 111 S.Ct. 1647, 1655, 114 L.Ed.2d 26 (1991). Relationships between employers and employees may involve unequal bargaining power, but the Supreme Court has nonetheless upheld agreements to arbitrate in this context. *See Gilmer*, 500 U.S. at 20, 111 S.Ct. at 1647 (1991) (enforcing agreement to arbitrate found in employee's registration application to the New York Stock Exchange despite employer's requirement that employee file such registration).

■ The Court, nevertheless, should "remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract.'" *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 627, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985) (citations omitted). The facts in this case, however, do not indicate that Plaintiff, an experienced businessman,[4] was coerced or defrauded into agreeing to the arbitration clause in the Agreement or U–4. Because the Federal Arbitration Act places arbitration agreements on the same footing as other contracts, and because Plaintiff has not shown grounds for revocation of the arbitration agreement, the Court GRANTS Defendant's Motion to Stay Proceedings.

II. *Defendant's Motion to Compel Arbitration in Denver, Colorado*

Defendant requests that the Court Compel Arbitration in Denver, Colorado. Plaintiff maintains that the arbitration clauses in the

Agreement and U–4 are unenforceable. Alternatively, Plaintiff argues that arbitration in Colorado is unreasonable and that Defendant has consented to arbitration in Atlanta, Georgia. The Court finds that the arbitration clauses in the Agreement and U–4 are enforceable. Consequently, the Court now considers Plaintiff's alternative claim.

A. Standard

The Federal Arbitration Act provides that a party to a contract containing an arbitration clause may petition any federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 4, however, limits the district court's power to ordering arbitration proceedings "within the district in which the petition for an order directing such arbitration is filed." *Id.*

B. Application

■ Pursuant to 9 U.S.C. § 4, this Court can compel arbitration in the northern district of Georgia. The limitations of § 4, however, prohibit the Court from ordering arbitration proceedings outside of the northern district. The Court, therefore, DENIES Defendant's Motion to Compel Arbitration in Denver, Colorado.

■ Plaintiff seeks an order compelling arbitration proceedings in Atlanta, Georgia, despite the designation of Denver, Colorado as the arbitration situs in the contract. Plaintiff reasons that, if the Court compels arbitration, this arbitration must take place in Georgia's northern district. The Court, however, cannot rewrite the parties' contract and provide an arbitration situs that was not enumerated in the forum selection clause of the arbitration agreement. *See Snyder v. Smith*, 736 F.2d 409, 419–20 (7th Cir.1984), *cert. denied*, 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984) (reversing district court's order compelling arbitration in Illinois in contravention of forum-selection clause in contract's arbitration clause designating Texas as the arbitration situs); *National Irani-*

---

4. Plaintiff has been a securities broker for eleven years. Additionally, Plaintiff acknowledges that every stock brokerage firm employing stockbro-

kers requires their brokers to execute the U–4 with its NASD arbitration clause.

*an Oil Co. v. Ashland Oil, Inc.*, 641 F.Supp. 211, 213 (S.D.Miss.1986), *cert. denied*, 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987) (holding that § 4 does not empower court to rewrite venue provisions of arbitration clause or to order arbitration within district absent contractual provision so indicating). Section 4 and the federal policy favoring arbitration require strict construction of the arbitration agreement. The Court may direct parties to arbitrate only in a manner provided for in their arbitration agreement. 9 U.S.C. § 4; *Volt Info. Sciences, v. Board of Trustees*, 489 U.S. 468, 474–75, 109 S.Ct. 1248, 1253–54, 103 L.Ed.2d 488 (1989).

### III. *Plaintiff's Motion for Remand of Count Two of Complaint*

In Count Two of his Complaint, Plaintiff alleges that Defendant failed to pay him wages for work performed from May 1, 1994 through June 14, 1994. Georgia law provides that any aggrieved employee may bring a civil action in Superior Court for minimum wages earned. O.C.G.A. § 34–4–6. In addition, the statute establishes that "[n]o contract or agreement between any employer and his employee ... shall bar the action." *Id.* Accordingly, Plaintiff contends that Georgia law and public policy require the Court to remand Count Two of Plaintiff's Complaint to state court.

#### A. Standard

■ The Supreme Court has addressed the pre-emptive effect of the Federal Arbitration Act and found that "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984) (footnote omitted). By enacting § 2 of the Federal Arbitration Act, Congress "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Keating*, 465 U.S. at 10, 104 S.Ct. at 858. Under the Supremacy Clause, the Federal Arbitration Act pre-empts state statutes in unmistakable conflict

with the federal policy embodied in § 2 of the Act. *Perry*, 482 U.S. at 491, 107 S.Ct. at 2526. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

#### B. Application

■ Plaintiff's motion challenges the pre-emptive effect of the Federal Arbitration Act, a statute that evidences congressional intent to enforce arbitration agreements within reach of the Commerce Clause. "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered ..." *Dean Witter Reynolds, Inc.*, 470 U.S. at 221, 105 S.Ct. at 1242. Consequently, these agreements must be "rigorously enforce[d]." *Mitsubishi Motors Corp.*, 473 U.S. at 625–626, 105 S.Ct. at 3353. The clear federal policy places Georgia's requirement that litigants be provided a judicial forum for recovering minimum wage in unmistakable conflict with § 2 of the Federal Arbitration Act. Under the Supremacy Clause, § 2 of the Federal Arbitration Act pre-empts O.C.G.A. § 34–4–6. The Court, therefore, DENIES Plaintiff's Motion for Remand of Count Two of Complaint.

### CONCLUSION

The Court: (1) GRANTS Defendant's Motion to Stay Proceedings [2–1]; (2) DENIES Defendant's Motion to Compel Arbitration in Denver, Colorado [2–2]; and (3) DENIES Plaintiff's Motion for Remand of Count Two of Complaint [6–1].

So ORDERED.