Michael MESSING, Plaintiff,

v.

Carl ROSENKRANTZ and EMSA, a Florida limited partnership, and Provident Imaging Consultants, Inc., a Florida corporation, Defendants.

No. 94 C 3165.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 12, 1995.

Leonard D. Saphire–Bernstein, Law Office of Leonard Saphire–Bernstein, Chicago, IL, Elisha Prero, Skokie, IL, for plaintiff.

Terry James Smith, Schiff, Hardin & Waite, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Michael Messing brings this action for damages against defendants Carl Rosenkrantz, EMSA, a Florida limited partnership, and Provident Imaging Consultants, Inc. ("PIC"), claiming fraud and breach of an employment contract. The Court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Defendants have moved to the stay proceedings and compel arbitration pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. For the reasons set forth below, the motion is granted.

### BACKGROUND/FACTS[1]

Plaintiff is a medical doctor residing in Illinois. Defendant Rosenkrantz is president of PIC which is owned, at least in part, by defendant EMSA. All three defendants are allegedly engaged in the business of recruitment and placement of medical personnel with medical provider organizations. In July 1993 plaintiff met with Rosenkrantz, who was acting as agent for EMSA and PIC, regarding a position as Medical Director of Radiology at Provident Hospital located in Chicago and owned by Cook County, Illinois. Either PIC or EMSA had a contract with Cook County to procure personnel to staff Provident's Radiology Department, but none of defendants had authority to actually hire anyone without the consent and agreement of Provident. Sometime later in July, at plaintiff's inquiry, Rosenkrantz stated that Provident had approved plaintiff for the position. At the time Rosenkrantz made that statement he knew it to be false.

As a result of Rosenkrantz' representation, on August 1, 1993, plaintiff gave notice to his then employer that he had accepted the position at Provident effective August 15, 1993. On August 9, 1993, plaintiff signed a written employment agreement with PIC (the "Agreement") which provides, among other things, that PIC would employ plaintiff for two years as Director of Radiology at Provident at $250,000.00 for the first year, and $275,000.00 for the second year. The Agreement also contains an arbitration clause, which is the subject of the current motion. Shortly thereafter, Rosenkrantz informed plaintiff that Provident had not approved plaintiff's appointment. By then plaintiff had lost his previous position, and was unable to resurrect it. On May 24, 1994, plaintiff filed this two count action, alleging fraud and breach of contract for defendants' failure to employ him. Defendants have moved to stay this proceeding pursuant to the arbitration provision in the Agreement, and Section 3 of the FAA.

### DISCUSSION

Section 3 of the FAA provides:[2]

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Paragraph 18 of the Agreement provides, in pertinent part:

18. *Arbitration.* [A]ny and all other disputes arising out of, under, or in connection with or relating to this Agreement shall be settled by arbitration in Broward County, Florida, in accordance with the Florida arbitration code (Florida Statutes Ch. 682) that is presently enacted or as

---

1. For purposes of the motion the facts have been taken from plaintiff's complaint.

2. The FAA applies only to transactions "involving commerce." 9 U.S.C. § 2. This language is to "be construed very broadly." *Snyder v. Smith*, 736 F.2d 409, 418 (7th Cir.1984). In the instant case, plaintiff, a citizen and resident of Illinois, entered into an employment agreement with a Florida corporation located in Florida. Plaintiff was to work in Illinois, but would be paid by the Florida corporation and participate in its benefits plan. Under these circumstances, plaintiff has not disputed the application of the FAA.

may hereafter be amended, except that the arbitrators shall be chosen as follows: one by each party and the third by the two so chosen.

Agreement ¶ 18.

Thus, there can be no question that at least as to PIC, this matter is subject to the arbitration clause. Clearly the breach of contract and fraud counts "arise out of, under, or in connection with" the Agreement and as such are referable to arbitration. Plaintiff's half-hearted attempts to argue that Count II for breach of contract is not subject to arbitration because the arbitration provision does not specifically include "disputes arising out of a breach" of the agreement is totally unfounded. Indeed, in *Knorr Brake Co. v. Harbil, Inc.*, 556 F.Supp. 489, 490 (N.D.Ill.1983), a case plaintiff cites in his memorandum for other reasons, the court held that a breach of contract claim was subject to an arbitration provision that did not specifically refer to breaches of the agreement, but rather had general language similar to the language contained in the Agreement in the instant case.

Whether the Court should stay proceedings as to Rosenkrantz and EMSA is a separate matter, because neither is a signatory to the Agreement. Plaintiff maintains that the Court should not stay proceedings as to them because neither can be compelled to arbitrate. This is not really the issue, however, because each has already agreed to arbitrate by moving for the stay and, under section 3 of the FAA any order granting a stay could be conditioned on such an agreement. 9 U.S.C. § 3 (section requires that any applicant for a stay not be in default in proceeding with such arbitration).

■ The real question is whether Rosenkrantz and EMSA can compel plaintiff to arbitrate with *them*. An agreement containing an arbitration clause covers non-signatories under common law contract and agency principles. *See Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1188 (9th Cir.1986) (employees of brokerage firm may be entitled to rights and privileges of an agreement between the firm and its customers although the employees themselves are not parties to the agreement); *Nesslage v.*

*York Securities, Inc.*, 823 F.2d 231, 233 (8th Cir.1987) (employees are third party beneficiaries of the customer agreement and the disclosed agents of the brokerage firm); *Steinberg v. Illinois Co., Inc.*, 635 F.Supp. 615, 617 (N.D.Ill.1986) (employee who acted as agent for employer was subject to arbitration provision in customer agreement entered into between the employer and the client where the dispute was within the scope of the arbitration agreement). In addition, an agent may invoke an arbitration agreement entered into by its principal. *See Morgan v. Kobrin Securities, Inc.*, 649 F.Supp. 1023, 1032–33 (N.D.Ill.1986).

■ In the instant case, plaintiff has alleged that Rosenkrantz was acting as agent for EMSA and PIC when plaintiff first met with him in July 1993. Plaintiff's claims against Rosenkrantz and EMSA are identical to the claims brought against PIC. Therefore, all issues in dispute arise out of the Agreement, are arbitrable, and the results of the arbitration will "impact conclusively" on both Rosenkrantz and EMSA. Moreover, in his complaint plaintiff does not distinguish between PIC which is a signatory to the Agreement, and Rosenkrantz and EMSA, who are not. Plaintiff brings his breach of contract case against all three. Accordingly, in light of plaintiff's admission that Rosenkrantz and EMSA are bound by the Agreement, the Court concludes that Rosenkrantz and EMSA are subject to the arbitration provision and can compel plaintiff and can be compelled themselves to arbitrate this dispute.

Finally, plaintiff argues that even if the Court decides to stay this action, it cannot force plaintiff to arbitrate in Florida, as the arbitration provision requires, and that any arbitration order must proceed within this District. In support of this proposition, plaintiff cites to section 4 of the FAA, which provides that when the Court enters an order directing the parties to proceed to arbitration in accordance with the terms of the Agreement, the arbitration shall be within the district in which the petition for an order directing such arbitration is filed. Therefore, plaintiff argues that this Court can compel

arbitration only within the Northern District of Illinois. This Court agrees in part, and disagrees in part.

■ First, this case is not brought pursuant to Section 4 of the FAA, which details the procedures to be followed when a party to an arbitration agreement is aggrieved by the alleged failure, neglect or refusal of another party to arbitrate. Under section 4, the aggrieved party may institute an action in the district court by filing a petition for an order compelling arbitration. Section 4 provides that the court may order arbitration in accordance with the terms of the Agreement, but further states that the arbitration shall be within the district in which the petition for arbitration is filed. 9 U.S.C. § 4.

This case was not instituted by a party *seeking* arbitration, but rather by a party seeking to *avoid* arbitration. Thus, Section 4 is inapplicable. Defendants' motion to stay and compel arbitration is brought pursuant to Section 3 of the FAA, which sets forth procedures to stay a *pending* court action until arbitration of a referable issue has been had in accordance with the arbitration agreement. Section 3 does not contain the language found in section 4 directing where arbitration is to proceed.

Moreover, and perhaps more importantly, plaintiff's argument fails in part even if the section 4 language is applicable. This exact issue was addressed by the Seventh Circuit in *Snyder v. Smith*, 736 F.2d 409 (7th Cir. 1984), where the court held that despite the language of section 4, a district court is required to follow a freely-negotiated forum selection clause contained in the arbitration agreement. The *Snyder* court specifically held that a district court could not under the FAA order arbitration to take place in its own district when a valid, enforceable forum selection clause provided differently. It also held, however, that under the FAA a district court could not order arbitration outside of its district. Therefore, in a case such as *Snyder*, brought under section 4 where the only relief sought was to compel arbitration, the court held that the district court should dismiss the petition, or upon motion stay its proceedings. *Id.* at 420. Under the reasoning in *Snyder*, this court concludes that even if the section 4 language were applicable, the proper course is to stay these proceedings until arbitration is conducted in accordance with the Agreement.

### CONCLUSION

For the reasons set forth above, defendants' motion to stay proceedings is granted. These proceedings are stayed until such time as arbitration has been had in accordance with the terms of the Agreement.